UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS FRIZZELL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| v. ) | |
| ) | Judge |
| DEPUTY CARL SZABO #3850 and ) | |
| THE SANGAMON COUNTY ) | Magistrate Judge |
| SHERIFF'S OFFICE ) | |
| ) | Jury Demand |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Thomas Frizzell, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., complaining against the Defendants, Deputy Carl Szabo #3850 and the Sangamon County Sheriff's Office, states as follows:

### COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, and accomplished by acts and/or omissions of the Defendants committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental Jurisdiction of the State of Illinois.

3. The Plaintiff, Thomas J. Frizzell, at all relevant times, was a United States citizen and permanent resident of the State of Illinois.

4. Defendant, Deputy Sheriff Carl Szabo #3850 (hereinafter referred to as "Defendant Szabo"), was at all relevant times, a duly appointed Deputy Sheriff of the

Sangamon County Sheriff's Office and, at all relevant times, was acting within the scope of his employment and under color of law.

5. On November 28, 2006, the Plaintiff was in route to his place of employment at Lowe's Home Improvement Center at 2560 N. Dirksen in Springfield, Illinois.

6. The Plaintiff was not committing any crime or breaking any laws.

7. Defendant Szabo followed the Plaintiff to the Lowe's location in his police cruiser without activating his emergency lights.

8. Upon arriving at his place of employment, the Plaintiff parked his automobile and walked towards the front entrance to begin his evening shift.

9. Defendant Szabo followed the Plaintiff to the front door of the Lowe's Home Improvement Center and shouted at the Plaintiff in an indiscernible manner.

10. Without just cause or provocation, Defendant Szabo grabbed the Plaintiff by the wrist, shot him with a taser gun multiple times, and slammed him to the ground.

11. The Plaintiff was handcuffed and taken to the police station.

12. The Plaintiff was not breaking any laws or committing any crimes.

13. The use of force was unprovoked, excessive and unreasonable.

14. As a result of the force used by Defendant Szabo, the Plaintiff was injured.

15. The actions of Defendant Szabo were done intentionally, willfully, wantonly and with malice.

16. Said actions constitute a violation of the Plaintiff's Fourth and Fourteenth Amendment Rights to the United States Constitution as protected by 42 U.S.C. § 1983.

17. As a direct and proximate consequence of said conduct of Defendant Szabo, the Plaintiff suffered physical injury, fear, humiliation, emotional distress, anxiety, monetary damages, and pain and suffering.

WHEREFORE, the Plaintiff, Thomas Frizzell, prays for judgment against Defendant Deputy Sheriff Carl Szabo #3850 in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages, and in an amount in excess of Thirty Thousand Dollars ($30,000.00) for punitive damages, plus attorneys' fees and costs.

### COUNT II — FALSE ARREST

18. The Plaintiff reallege and incorporate the allegations of paragraphs 1-12 of Count I as his respective allegations of paragraphs 18 of Count II as though fully set forth herein.

19. The Plaintiff was held in custody for several hours.

20. During that time the Plaintiff was denied food and water for the majority of his detention.

21. The Plaintiff was charged with aggravated battery, resisting a police officer and failure to wear a seatbelt.

22. These charges were false.

23. The Plaintiff was not committing any crimes.

24. Defendant Szabo did not have probable cause to arrest the Plaintiff.

25. Defendant Szabo did not have probable cause to charge the Plaintiff.

26. These charges were made to cover up for the unlawful use of force applied by the Defendant Szabo to the Plaintiff.

27. Said actions of Defendant Szabo were intentional, willful, and wanton.

28. Said actions of the Defendant Szabo violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

29. As a direct and proximate consequence of said conduct of Defendant Szabo, the Plaintiff, Thomas Frizzell, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering and monetary expense.

Wherefore, the Plaintiff, Thomas Frizzell, prays for judgment against the Defendant, Deputy Carl Szabo #3850, in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages, and in an amount in excess of Thirty Thousand Dollars ($30,000.00) for punitive damages, plus attorneys' fees and costs.

### COUNT III - INDEMNIFICATION

30. The Plaintiff realleges and incorporates his allegations of paragraphs 1-29 of Counts I and II as his respective allegations of paragraphs 30 of Count III as though fully set forth herein.

31. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

32. Defendant Szabo is or was an employee of the Sangamon County Sheriff's Office and acted within the scope of his employment in committing the acts described in Counts I and II.

WHEREFORE, should Defendant Szabo be found liable for the acts alleged above, Defendant Sangamon County Sheriff's Office would be liable to pay the Plaintiff any judgment obtained against Defendant Szabo.

## JURY DEMAND

The Plaintiff, Thomas J. Frizzell, requests a trial by jury.

Respectfully submitted,

Thomas J. Frizzell

/s/David S. Lipschultz
David S. Lipschultz
Gregory E. Kulis & Associates, Ltd.

David S. Lipschultz
Atty. No. 6277910
Gregory E. Kulis & Associates, Ltd
30 N. LaSalle Street, #2140
Chicago, IL 60602
(312) 580-1830