IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS FRIZZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3147 |
| | ) | |
| CARL SZABO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Thomas Frizzell's Motions in Limine (d/e 35), and the Defendants' Motions in Limine (d/e 27, 28, 29, 30, 31, 32, 33, 34, & 36). For the reasons set forth below, Plaintiff Thomas Frizzell's First, Second, Third, Fourth, Fifth and Sixth Motions in Limine are ALLOWED; Frizzell's Seventh and Eighth Motions are DENIED; the Defendants' First, Third, Fourth, Seventh and Ninth Motions in Limine are ALLOWED; and the Defendants' Second, Fifth, Sixth, and Eighth Motions in Limine are ALLOWED in part. The Court will address Frizzell's Motions and then the Defendants' Motions.

1

I.    FRIZZELL'S MOTIONS

The Defendants have no objections to Frizzell's First, Second, Third, Fourth, Fifth, and Sixth Motions. Those Motions are allowed. Defendants object to Frizzell's Seventh and Eighth Motions.

Frizzell's Seventh Motion asks to bar any reference or characterization of Frizzell's arrest as "legal," "lawful," or any similar characterization. The Motion is denied. The issue of whether the arrest was lawful is at the heart of Frizzell's claim that Szabo violated his Fourth Amendment rights by arresting him without probable cause. Both parties may present relevant admissible evidence regarding whether the arrest was or was not lawful and based on probable cause, and both parties may argue the legality of the arrest to the jury.[1]

Frizzell's Eighth Motion asks to bar evidence of Szabo's personal experience with other suspects running into a store to escape arrest. The Defendants argue that Szabo's prior experience is relevant. The Court agrees with the Defendants. The issue of excessive force depends on the

---

[1] The Court recognizes that Defendants have filed a Motion for Leave to File Supplement to Motion for Summary Judgment (d/e 41) (Motion 41) seeking partial summary judgment on the claim that Szabo arrested Frizzell without probable cause. The time for Frizzell to respond to Motion 41 has not yet run. This Opinion, therefore, does not address Motion 41.

relevant information that the reasonable officer in Szabo's position had at the time of the incident. Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006). Szabo's prior experience with suspects in similar situations is relevant to evaluating the information that the reasonable officer would have had at the time of the incident at issue. The evidence is, therefore, relevant. The Motion is denied.

II. DEFENDANTS' MOTIONS

Frizzell has no objection to the Defendants' First, Third, and Ninth Motions. These Motions are allowed. Frizzell objects to the Defendants' Second, Fourth, Fifth, Sixth, Seventh and Eighth Motions.

The Defendants' Second Motion asks to bar Frizzell from testifying that he believed he suffered from an irregular heartbeat for three weeks after Szabo shot him with the Taser. Frizzell did not see a doctor or other medical professional, and so, never received a diagnosis. Frizzell counters that he may testify about how he felt. The Court agrees that Frizzell may testify about how he felt after being shot with the Taser. He may not give medical diagnoses, however. The Motion, therefore, is allowed in part. Frizzell may testify about how he felt after the incident, but may not give medical opinions or diagnoses.

Defendants' Fourth Motion contains four parts. Frizzell only objects to the fourth part. The first three parts are thus allowed. The fourth part asks to bar any reference to the beyond-a-reasonable-doubt burden of proof in criminal cases. The Court agrees. The instructions will provide the jury with the correct burden of proof in this civil case. References to other standards of proof will only create confusion. The Fourth Motion is allowed.

Defendants' Fifth Motion asks the Court to exclude evidence of other traffic stops made by Szabo. The Plaintiff argues that evidence of other stops may be admissible to show that Szabo had improper motives to make traffic stops. Such evidence of motive or intent may be admissible. <u>Fed. R. Evid</u>. 403, 404(b). Frizzell, however, must first make a proffer outside the presence of the jury so that the Court may determine admissibility. <u>See e.g.</u>, <u>United States v. Jackson</u>, 886 F.2d 838, 847 (7th Cir. 1989). The Motion, therefore, is allowed in part. Frizzell is barred from mentioning to the jury or presenting evidence of any other traffic stops by Szabo without first making a proffer outside the presence of the jury.

The Defendants' Sixth Motion asks to bar Frizzell from testifying concerning what non-parties told him about the incident. Frizzell indicates

4

that at least some of these non-party witnesses may testify. If so, the evidence should be admitted through the non-party witness; once they testify, Frizzell may also testify about the admissible statements. Frizzell also argues that the out-of-court statements by others are admissible to show Frizzell's state of mind. It is unclear how the effect of these statements on Frizzell's state of mind would be relevant. Frizzell is barred from testifying, or mentioning to the jury, statements made by non-parties who do not testify at trial unless he first makes a proffer outside the presence of the jury to demonstrate relevance and admissibility of those statements. The Motion is, therefore, allowed in part.

Defendants' Seventh Motion in Limine seeks to bar Frizzell from testifying that he did not believe that Szabo could possibly have seen whether Frizzell was wearing a seat belt before Szabo initiated the traffic stop. This motion is allowed. Frizzell cannot testify as to Szabo's state of mind or offer an opinion as to what Szabo saw. Frizzell can, however, testify as to the conditions that existed at the time of the incident, including the distances involved, the lighting conditions, the amount of traffic present, his speed, and any other condition that would be relevant to the issue of Szabo's ability to observe whether Frizzell was wearing his seatbelt. Frizzell

5

can also testify concerning his own abilities to observe under the conditions that existed at the time of the incident.

Defendants' Eighth Motion asks to bar evidence that Frizzell was acquitted of all charges. The Motion is allowed as long as the Defendants do not dispute the amount and reasonableness of Frizzell's criminal defense attorney's fees. The Court agrees that the outcomes of Frizzell's traffic and felony criminal proceedings are not relevant and could be prejudicial. Frizzell's defense attorney fees, however, are admissible as an element of damages. Frizzell may present evidence of the amount of the fees to the jury without discussing the criminal proceedings further as long as the Defendants do not dispute the amount or the reasonableness of the fees. If the Defendants dispute the fees, then Frizzell may present evidence of the reasonableness of the fees based on the attorney's representation of Frizzell in the traffic and criminal proceedings, which will necessarily involve discussing the substance of the proceedings. The Motion is therefore allowed in part.

THEREFORE, Plaintiff Thomas Frizzell's Motions in Limine (d/e 35) are ALLOWED in part and DENIED in part, i.e., Frizzell's First, Second, Third, Fourth, Fifth and Sixth Motions in Limine are ALLOWED, and his

Seventh and Eighth Motions are DENIED; the Defendants' First, Third, Fourth, Seventh and Ninth Motions in Limine (d/e 27, 29, 30, 33, & 36) are ALLOWED; and the Defendants' Second, Fifth, Sixth, and Eighth Motions in Limine (d/e 28, 31, 32, 34) are ALLOWED in part.

IT IS THEREFORE SO ORDERED.

ENTER: May 18, 2010

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE