IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS FRIZZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3147 |
| | ) | |
| CARL SZABO and SANGAMON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendants Sangamon County, Illinois, Sheriff's Department and Sangamon County Deputy Sheriff Carl Szabo's Post Trial Motions (d/e 71) and Plaintiff Thomas Frizzell's Rule 50(a) Motion for Judgment as a Matter of Law (d/e 73) and Rule 59 Motion for New Trial and/or To Alter the Judgment (d/e 72).  On June 21, 2010, this Court began a jury trial on Frizzell's claims of false arrest and use of excessive force and Szabo's counterclaim for battery.  On June 23, 2010, at the end of the trial, the jury returned verdicts: (1) in favor of the Frizzell on Szabo's battery claim, (2) in favor of the Defendants on

1

Frizzell's false arrest claim, and (3) in favor of Frizzell on his excessive force claim. The jury awarded $1.00 to Frizzell in damages on the excessive force claim. No party seeks relief from the jury's verdict on the battery claim. All parties, however, seek relief from the jury's verdict on Frizzell's claims. For the reasons set forth below, the Motions are denied.

Frizzell and the Defendants seek relief under Rules 50 and 59. Fed. R. Civ. P. 50(a), 59(a) & (e). For purposes of the Rule 50 Motions, the Court views the evidence in the light most favorable to the non-moving party. Erickson v. Wisconsin Dept. of Corrections, 469 F.3d 600, 601 (7th Cir. 2006). For purposes of the Rule 59 Motions, the Court views the evidence in the light most favorable to the prevailing party. Kapelanski v. Johnson, 390 F.3d 525, 530 (7th Cir. 2004). In considering the evidence for both Motions, the Court leaves issues of credibility and weight to the jury. Kapelanski, 390 F.3d at 530; Von der Ruhr v. Immtech Intern., Inc., 570 F.3d 858, 866 (7th Cir. 2009).

When viewed in that light, the evidence shows that Defendant Szabo was in his marked squad car observing traffic on Sangamon Avenue looking for seatbelt violations. Szabo observed Plaintiff Thomas Frizzell driving without wearing his seatbelt. Szabo started to follow Frizzell to make a

traffic stop. Frizzell was late for work at the Lowe's store on Dirksen Parkway in Sangamon County, Illinois. Frizzell started speeding, either because he was late or because he saw Deputy Szabo following him. In either event, Szabo followed Frizzell to the Lowe's parking lot and then turned on his flashing lights. Frizzell got out of his car. Szabo told Frizzell that he was stopping Frizzell for a seatbelt violation. Szabo told Frizzell to get back in his car, but Frizzell refused to follow Szabo's instructions and started to walk to the store's exit doors.

Szabo drove his car between Frizzell and the exit doors and ordered Frizzell to stop. Frizzell went around Szabo's car and went to the exit doors. Frizzell started to pry the doors open. Szabo exited his car and followed Frizzell on foot. Szabo grabbed Frizzell's forearm and told him to stop. Frizzell pulled free from Szabo's grip and continued into the vestibule area of the store. Frizzell said words to the effect that he did not do anything wrong. Szabo pulled out his taser. Szabo told Frizzell to stop or else he would shoot him with the taser. Frizzell did not stop.

Szabo shot Frizzell with the taser while in the vestibule. The taser gave Frizzell an electrical shock for five seconds. Frizzell fell to the ground. Szabo ordered Frizzell to stay down. Frizzell tried to get up and to remove

the taser prongs from his back. Szabo reactivated the taser three more times to try to get Frizzell to obey his command to stay down. Frizzell continued to refuse to stay down. Szabo then unintentionally activated the taser a final time and shut off the taser before the taser completed the five-second shock. Szabo then sprayed mace into Frizzell's eyes and arrested and handcuffed Frizzell.

At the close of the evidence at trial, the Court held the instruction conference outside of the presence of the jury. At the conference, the Defendants proposed an instruction on damages that stated, in part:

> If you decide in favor of Thomas Frizzell, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of being falsely arrested or subjected to unconstitutional force.
>
> . . . .
>
> If you find in favor of Thomas Frizzell but that the Plaintiff failed to prove compensatory damages, you must return a verdict for Thomas Frizzell in the amount of one dollar.

<u>Jury Instructions Ruled on by the Court (d/e 70)</u>, at 59.[1] Frizzell objected to the $1.00 nominal damage instruction. The Court gave Frizzell's proposed instruction on damages and refused the Defendants' proposal. <u>Id.</u>,

---

[1]The page numbers referenced for this filing (d/e 70) are the numbers assigned by the Court's electronic filing system.

at 24, 59.

During deliberations, the jury sent a note to the Court containing the following question:

> Do we have to award any money if we find in favor of the Plaintiff?

<u>Court Exhibit 3 Jury Question (d/e 67)</u>.  The Court presented the note to counsel in open court without the presence of the jury.  Counsel for Frizzell opposed providing any further instruction to the jury.  Defendants' counsel proposed answering the question with the one-word answer, "No."  Defense counsel argued that the jury should not award damages if none were proven.  The Court, over the objection of both parties, sent a note containing the following answer to the jury:

> If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).
>
> If you find in favor of Plaintiff and also find that Plaintiff has proven compensatory damages, you must return a verdict for Plaintiff in the amount that fairly compensates Plaintiff for the injury he has sustained.

<u>Court's Response to Court Exhibit 3 (d/e 68)</u>.

Thereafter, the jury returned its verdict.  The jury found in favor of the Defendants on the false arrest claim, found in favor of Frizzell on the

5

excessive force claim, but only awarded Frizzell $1.00 in nominal damages. The verdict, therefore, indicates that the jury found that Szabo had probable cause to arrest Frizzell, but Szabo's use of force was excessive; however, Frizzell did not prove any damages for the use of excessive force. Both parties argue that the jury's verdicts cannot stand.

The Defendants argue that they are entitled to judgment as a matter of law on the excessive force claim. The Court disagrees. Excessive force claims in the context of an arrest are analyzed under a standard of objective reasonableness under the Fourth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). The Supreme Court stated that the jury must evaluate the particular circumstances to determine the reasonableness of the force:

> Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake.

Id., at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)).

In this case, the jury could have reasonably concluded that Szabo was acting reasonably when he used the taser initially because Frizzell was refusing to obey his commands to stop, but the jury could have also reasonably concluded that Szabo's use of force became excessive when he

decided to spray mace into Frizzell's eyes after administering the electrical shocks from the taser. The use of the mace after the taser supports the jury decision that Szabo's use of force was excessive.

In the alternative, Defendant Szabo argues that he is entitled to judgment as a matter of law on his qualified immunity defense.[2] Szabo was entitled to qualified immunity unless Frizzell presented evidence that: (1) Szabo's actions violated Frizzell's rights, and (2) a reasonable state official would have known that Szabo's actions were unconstitutional in light of clearly established controlling authority. Pearson v. Callahan, __ U.S.__, 129 S.Ct. 808, 818 (2009). Frizzell could show that Szabo's actions were unconstitutional in light of clearly established controlling authority by:

> (1) pointing to a closely analogous case that established a right to be free from the type of force that police officers used on him, or (2) showing that the force was so plainly excessive that, as an objective matter, the police officers would have been on notice that they were violating the Fourth Amendment.

Chelios v. Heavener, 520 F.3d 678, 691 (7th Cir. 2008) (quoting Clash v. Beatty, 77 F.3d 1045, 1048 (7th Cir. 1996). In this case, the Court finds

---

[2] Defendant Sangamon County Sheriff's Office is not entitled to a qualified immunity defense because the defense is only available to individuals. Jaworski v. Schmidt, 684 F2d 498, 501 (7th Cir. 1982). Frizzell's only claim against the Sheriff's Office, however, is for indemnification. Complaint (d/e 1), Count III–Indemnification. Therefore, the Sheriff's Office can only be liable for indemnification if Szabo is liable.

7

that spraying mace into a suspect's eyes after subduing him with the taser shocks was so clearly unreasonable that Szabo was not entitled to qualified immunity. The Defendants' Rule 50 Motion for Judgment as a Matter of law is denied.

The Defendants also move to alter the $1.00 verdict and judgment under Rule 59(e). To prevail on the Motion to Alter or Amend the Judgment, the movant must demonstrate that the verdict was against the manifest weight of the evidence or that there was a manifest error of law. Bankcard America, Inc. v. Universal Bancard Systems, Inc., 203 F.3d 477, 480-81 (7th Cir. 2000). The Court will not set aside the jury's verdict as being against the manifest weight of the evidence if a reasonable basis exists in the record to support the verdict. Kapelanski, 390 F.3d at 530.

The Defendants argue that the Court's answer to the jury's question during deliberations constituted a manifest error of law. The Court disagrees. The answer was a correct statement of the law. Nominal damages are available in excessive force cases. Briggs v. Marshall, 93 F.3d 355, 359-60 (7th Cir. 1996). The Defendants, themselves, proposed such an instruction. The Defendants argue that Frizzell waived any right to such an instruction. Defendants rely on Penn v. Harris to support this argument.

Penn, 296 F.3d 573, 577 (7th Cir. 2002).  The Penn opinion states that a party waives the right to a nominal damages' instruction when the party raises the issue for the first time on appeal.  In this case, the issue was raised by the jury during deliberation.  At that stage in the proceeding, there was no waiver.

The Defendants also argue that the verdict was not supported by the evidence and that the award of nominal damages is inconsistent with the finding of liability.  The Defendants point out that the Seventh Circuit pattern burden of proof instruction requires the jury to find that:

1. Defendant Szabo used unreasonable force against Plaintiff; and

2. Because of Defendant Szabo's unreasonable force, Plaintiff was harmed.

Seventh Circuit Pattern Instruction 7.08.  The Defendants argue that Frizzell failed to prove that Szabo harmed him because the jury only awarded nominal damages. The Defendants, therefore, argue that the Court should award $0.00 in damages.

The Court again disagrees.  The jury could have reasonably found that Szabo harmed Frizzell when he unreasonably used mace on him after Frizzell was subdued by the taser shocks, but that the harm was very

9

minimal. The jury could have also concluded, however, that Frizzell failed to present enough evidence to justify a damage award with reasonable certainty. In such a case, an award of nominal damages is appropriate. Briggs, 93 F.3d at 360. The Defendants' Motion to Alter the verdict is denied.

Frizzell also asks for judgment as a matter of law. He seeks judgment in his favor on the false arrest claim. The request is denied. Frizzell has a constitutional right, under the Fourth and Fourteenth Amendments, to be free from unreasonable searches and seizures. Szabo sought to stop Frizzell without a warrant. Szabo could do so constitutionally only if he had probable cause to arrest Frizzell or a reasonable articulable suspicion to detain Frizzell to conduct an investigative stop. Terry v. Ohio, 392 U.S. 1, 21 (1968); Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006).

Szabo states that he had probable cause to arrest Frizzell for driving while not wearing his seatbelt and for resisting arrest. Probable cause exists:

> [W]hen the facts and circumstances within [the arresting officer's] knowledge and of which [he has] reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense. The court evaluates probable cause not on the facts as an omniscient observer would perceive them, but rather as they would have appeared to a reasonable person in the position of

the arresting officer.

Mustafa, 442 F.3d at 547.  Szabo testified that Frizzell was driving without wearing his seatbelt.  Szabo testified that he followed Frizzell to the Lowe's parking lot.  Szabo testified that he repeatedly instructed Frizzell to stop and Frizzell refused to obey his instructions.  Frizzell admitted that he did not obey Szabo's instructions to stop.  This evidence supports the jury's verdict that Szabo had probable cause, from his position as the arresting officer, to arrest for the traffic violation and for resisting arrest.  The Motion for Judgment as a Matter of Law is denied.

Frizzell also moves to alter or amend the judgment, or for a new trial, on the excessive force claim.  Frizzell also argues that the finding of liability for use of excessive force was inconsistent with the award of nominal damages.  Frizzell argues that this inconsistency leads not to an award of $0.00, but to a new trial on damages.

The Court again disagrees.  Nominal damages may be appropriate in excessive force cases when: (1) the officer uses both justifiable and excessive force, but the injury results from the justifiable force, thereby supporting the denial of compensatory damages, or (2) the victim suffers injuries that have no monetary value or are insufficient to justify with reasonable certainty a

11

more substantial award of damages. Briggs, 93 F.3d at 360. As explained above, the evidence could reasonably support the conclusion that the use of the taser was justified, but the use of mace on top of the taser was excessive. In that case, the injuries from the tasing were the result of reasonable force. The jury could have concluded that Frizzell's evidence regarding the effect of the mace was insufficient to establish an award of damages with reasonable certainty. Under those circumstances, the verdict of nominal damages was appropriate. This interpretation of the evidence is consistent with the verdict and, therefore, supports the verdict. Kapelanski, 390 F.3d at 530; see Von der Ruhr, 570 F.3d at 866 (A jury verdict must be upheld unless no rational juror could have voted in favor of the verdict.). Frizzell's Motion to Alter or Amend the Judgment is denied.

    THEREFORE, Defendants' Post Trial Motions (d/e 71) and Plaintiff Thomas Frizzell's Rule 50(a) Motion for Judgment as a Matter of Law (d/e 73) and Rule 59 Motion for New Trial and/or To Alter the Judgment (d/e 72) are DENIED. The Clerk is directed to enter judgment on the verdicts. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:  July 22, 2010

    FOR THE COURT:

                                                           s/ Jeanne E. Scott
                                                      JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE