IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THOMAS FRIZZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3147 |
| | ) | |
| CARL SZABO and the SANGAMON | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Plaintiff's Motion for Leave to Petition the Court for Attorney's Fees Pursuant to § 1988 (d/e 81).  The jury found in favor of Plaintiff Thomas Frizzell on his excessive force claim, but only awarded $1.00 in damages.  For the reasons set forth below, the Court finds that an award of attorney fees is not appropriate given this de minimis award of damages.  The Motion is denied.

Section 1988 authorizes the Court to award attorney fees to the prevailing party in a § 1983 action such as this one.  42 U.S.C. §§ 1983, 1988.  Frizzell prevailed on his excessive force claim. The jury determined that Defendant Deputy Sheriff Carl Szabo used excessive force during an

1

incident in which Szabo shocked Frizzell five times with a taser and sprayed pepper spray in Frizzell's eyes in order to stop Frizzell and arrest him for driving without wearing a seatbelt and resisting arrest. The jury awarded only $1.00, but Frizzell was still the prevailing party because he established that his rights were violated. Farrar v. Hobby, 506 U.S. 103, 112 (1992).

An award of attorney fees, however, is not automatic to every prevailing party. Frizzell must have achieved enough success to be entitled to an award of attorney fees. To determine whether Frizzell achieved enough success, the Court considers: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation. Simpson v. Sheahan, 104 F.3d 998, 1001 (7th Cir. 1997) (citing Farrar, 506 U.S. at 122 (O'Connor, J., concurring)). The difference between the judgment recovered and the recovery sought is the most important of the three factors. The significance of the legal issue on which the plaintiff prevailed is the least important. Maul v. Constan, 23 F.3d 143, 145 (7th Cir. 1994). In this case, the factors weigh against an award of fees.

Frizzell failed to recover anything close to the relief sought. Frizzell

2

alleged claims for false arrest and use of excessive force, and, in each claim, Frizzell asked for compensatory damages in excess of $50,000.00 and punitive damages in excess of $30,000.00. Complaint (d/e 1), at 3, 4. Frizzell lost the false arrest claim and received only a nominal award of $1.00 on the excessive force claim. The first factor clearly weighs against an award of fees. See Briggs v. Marshall, 93 F.3d 355, 361 (7th Cir. 1996).

In evaluating the significance of the legal issue on which Frizzell prevailed, the Court considers the extent to which Frizzell prevailed on his theory of liability. Maul, 23 F.3d at 146. Frizzell lost completely on his false arrest theory and only partially prevailed on his excessive force theory. Frizzell argued to the jury that Deputy Sheriff Szabo just decided to get Frizzell, either because Szabo wanted some overtime pay or for some other reason. He also argued that Szabo did not really observe Frizzell driving without a seatbelt; he just picked Frizzell out as somebody to stop. Because Szabo had no reason to stop Frizzell, he had no right to use either his taser or pepper spray on Frizzell. Frizzell's counsel argued Szabo maliciously shocked Frizzell over and over. The jury rejected most of this theory. The jury found that Szabo had probable cause to arrest Frizzell. Frizzell admitted on the stand that he refused to comply with Szabo's orders

3

to stop.  Given the nominal award, the jury concluded that Szabo acted properly in using some force to arrest Frizzell.  The jury concluded that five taser shocks followed by pepper spray was excessive, but given the nominal award, one taser shock would not have been excessive.  Frizzell wanted the jury to find that any use of the taser in this case was excessive.  He failed.  Frizzell, therefore, prevailed only marginally on his theory of recovery.  Such a marginal victory does not support an award of fees in light of the other factors.  See Briggs, 93 F.3d at 361.

    Finally, the litigation did not serve a sufficient public purpose to merit an award of fees.  Frizzell argues that the litigation served the public by vindicating the constitutional rights of all citizens to be free from unreasonable searches and seizures under the Fourth Amendment.  Section 1983 actions, however, always vindicate rights.  The issue is whether "the relief sought evince a public purpose rather than merely attempt to redress a private injury."  Maul, 23 F.3d at 146.  Fees are only appropriate in § 1983 cases when the "victory entails something more than merely a determination that a constitutional guarantee was infringed."  Id.  Frizzell's nominal victory did nothing more than that.  He is not entitled to an award of fees.

THEREFORE, Plaintiff's Motion for Leave to Petition the Court for Attorney's Fees Pursuant to § 1988 (d/e 81) is DENIED.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTERED this 16th day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE